IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH; Warden, | ) | |
| Telfair State Prison; FRED GAMMAGE, | ) | |
| Deputy Warden of Security, Telfair | ) | |
| State Prison; ROBERT TOOLE, | ) | |
| Field Operations Officer, Georgia | ) | |
| Department of Correction; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; STEVE UPTON, Classification; | ) | |
| and SGT MIXON, Sergeant of CERT team, | ) | |
| Telfair State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Presently before the Court is Plaintiff's motion for a preliminary injunction. (Doc. no. 11.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

I. **BACKGROUND**

Plaintiff alleges Defendants allowed inmates to form gangs which caused numerous stabbings and beatings between inmates. (Id. at 2-3.) After Telfair State Prison was placed on

lockdown, Defendants allowed gang leaders to instruct their members how to respond to the escalating violence. (Doc. no. 10, p. 2.) Plaintiff alleges Defendants have given gang leader inmates the authority to lead other inmate members of the same gang as well as supervisory and disciplinary authority over these members. (Id. at 3; doc. no. 13, p. 2.) Plaintiff further declares that he was forced to run from knife-wielding gang members who pursued and attacked other gang members while correctional officers stood by and watched until the attacks were completed. (Doc. no. 9, p. 4.)

Plaintiff alleges violence at the prison continues to escalate, attacks between gangs occur multiple times per week, and although he has filed numerous grievances complaining of an unsafe environment, Defendants have ignored or denied his grievances. (See, e.g., doc. no. 13, p. 2.) Consequently, Plaintiff alleges Defendants have been deliberately indifferent to his risk of harm. (Doc. no. 15, p. 1.)

Plaintiff alleges that as a result of the violence, many inmates have been transferred to other prisons, some inmates have been moved to different dorms, the prison has been placed under lockdown for security purposes, and a "shakedown" has resulted in the removal of numerous knives and other weapons. (See id.) Defendant Toole allegedly addressed the entire prison in a speech informing gang leaders and members that gang activity would no longer be tolerated in the prison. (Id. at 2.)

## II. DISCUSSION

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not

be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits. Although the Court screened the complaint and found Plaintiff's allegations were arguably sufficient to state a claim, a substantial likelihood of success on the merits presents a much higher hurdle. It is unlikely Plaintiff will prevail in this action in light of his own declarations which cast doubt on a finding of deliberate indifference on the part of any Defendant.

A prison inmate has a constitutional right to be protected from violence and from assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial risk of serious harm, (2) the defendants are deliberately indifferent to the risk, and (3) there is causation. Smith v. Reg'l Dir. Of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010). "To find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). An official responds to a known risk in an objectively unreasonable

manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

As Plaintiff has declared, Defendants have been actively reducing Plaintiff's risk of harm through security lockdowns, shakedowns, prisoner transfers and reassignments, and a prison-wide address informing gang members and leaders that their dangerous behavior would not tolerated. (Doc. no. 15, p. 2; doc. no. 14, p. 2.) Accordingly, Plaintiff cannot show a substantial likelihood of success on the merits because his own declarations suggest Defendants have not disregarded Plaintiff's risk of harm and are responding to the risk in an objectively reasonable manner.

Furthermore, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges generalized conditions of dangerousness, including the unexplained and undetailed assertion he has been threatened by various "groups of inmates," he has not shown a substantial threat of a real and irreparable injury that is imminent. (See doc. no. 11; doc. no. 15, p. 1.)

Plaintiff also fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the

injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**.

SO REPORTED and RECOMMENDED this 30th day of August, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA