IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH; Warden, | ) | |
| Telfair State Prison; FRED GAMMAGE, | ) | |
| Deputy Warden of Security, Telfair | ) | |
| State Prison; ROBERT TOOLE, | ) | |
| Field Operations Officer, Georgia | ) | |
| Department of Corrections; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; STEVE UPTON, Classification; | ) | |
| and SGT MIXON, Sergeant of CERT team, | ) | |
| Telfair State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. On July 1, 2016, Plaintiff submitted an amended complaint. (Doc. no. 9.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following Defendants: (1) William Danforth; (2) Fred Gammage; (3) Robert Toole; (4) Terence Kilpatrick; (5) Steve Upton; and (6) Sergeant Mixon. (Doc. no. 9, p. 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges Defendants allowed inmates to form gangs which caused numerous stabbings and beatings between inmates. (Id. at 2-3.) After Telfair State Prison was placed on lockdown, Defendants allowed gang leaders to inform and instruct their members on how to respond to the escalating violence. (Doc. no. 10, p. 2.) Plaintiff alleges Defendants have given gang leader inmates the authority to lead other inmate members of the same gang as well as supervisory and disciplinary authority over these members. (Id. at 3; doc. no. 13, p. 2.) Plaintiff further declares that he was forced to run from knife-wielding gang members who pursued and attacked other gang members while correctional officers stood by and watched until the attacks were completed. (Doc. no. 9, p. 4.)

Plaintiff alleges violence at the prison continues to escalate, attacks between gangs occur multiple times per week, and although he has filed numerous grievances complaining of an unsafe environment, Defendants have ignored or denied his grievances. (See, e.g., doc. no. 13, p. 2.) Consequently, Plaintiff alleges Defendants have been deliberately indifferent to his risk of harm. (Doc. no. 15, p. 1.)

Plaintiff alleges that as a result of the violence, many inmates have been transferred to other prisons, some inmates have been moved to different dorms, the prison has been placed under lockdown for security purposes, and a "shakedown" has resulted in the removal of numerous knives and other weapons. (See id.) Defendant Toole allegedly addressed the entire prison in a speech informing gang leaders and members that gang activity would no longer be

2

tolerated in the prison. (Id. at 2.)

*Liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated viable Eighth Amendment claims against Defendants for deliberate indifference to his safety. See Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) ("[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm; occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison where violence and terror reign is actionable."); Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617-18 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003); Goodman v. Kimbrough, 718 F.3d 1325, No. 12-10732, 2013 WL 3109280, at *3 (11th Cir. June 21, 2013) (finding that a plaintiff proves that prison officials were deliberately indifferent to his safety by establishing "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.").

## II.    INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on the defendants. The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3).

However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 30th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA