IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH; Warden, | ) | |
| Telfair State Prison; FRED GAMMAGE, | ) | |
| Deputy Warden of Security, Telfair | ) | |
| State Prison; ROBERT TOOLE, | ) | |
| Field Operations Officer, Georgia | ) | |
| Department of Corrections; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; STEVE UPTON, Classification; | ) | |
| and SGT MIXON, Sergeant of CERT team, | ) | |
| Telfair State Prison, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court are *pro se* Plaintiff's motion for copies, motion for leave to file an amended complaint, and motion to appoint counsel. (Doc. nos. 23, 30, 31.) For the reasons stated below, the motions are **DENIED**.

Plaintiff requests the Clerk of Court be directed to send him copies of documents filed in the case because his copies were lost. (Doc. no. 23, p. 2.) Plaintiff has been warned that he must maintain a set of records for the case and has been notified that he can otherwise obtain copies of documents from the Clerk of Court at the standard cost of fifty cents per page. (See doc. no. 18, p. 5.) He need only send the money and the list of copies he wants

directly to the Clerk. However, the Court will not provide free copies. <u>Wanninger v. Davenport</u>, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)). Accordingly, the Court **DENIES** Plaintiff's motion for copies. (Doc. no. 23.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. <u>Dean</u>, 951 F.2d at 1216; <u>see also</u> <u>Smith v. Fla. Dep't of Corr.</u>, 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff essentially argues that he requires counsel because he is unable to interview witnesses who are no longer at the prison and he requires counsel to conduct discovery. (<u>See</u> doc. no. 31.) However, these circumstances have not prevented Plaintiff from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993). In fact, Plaintiff has been able to adequately explain his current claims, provide witness testimony, and file motions in this Court. Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel. (Doc. no. 31.)

Finally, Plaintiff has filed a motion for leave to file an amended complaint, seeking to add additional defendants. (Doc. no. 32.) Because no responsive pleading has been served, Plaintiff may amend his complaint once as a matter of course, Fed. R. Civ. P. 15(a).[1] Although Plaintiff apparently intends for the Court to read allegations against additional defendants in conjunction with his original complaint, a plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of the allegations and defendants in one document, within ten days of the date of this Order on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the following instructions within ten days. Because the Court is ordering Plaintiff to file a new complaint, the Court **DENIES AS MOOT** Plaintiff's motion to file an amended complaint. (Doc. no. 30.)

The amended complaint shall supersede and replace in its entirety the previous complaint. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes

---

[1] The Court ordered service of process to be effected upon Defendants, and all current Defendants have waived service. See doc. nos. 18, 24-29.

3

the initial complaint and becomes the operative pleading in the case"). Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

It must be printed legibly or typed so that the Court may discern Plaintiff's claims. It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the parties whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that the parties are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.

---

[2]For example, Plaintiff should not simply state, "See attached documents."

The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior filing shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all related claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If no timely amended complaint is received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 24th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA