IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RICKY LEWIS WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 316-040 |
| | ) |
| WILLIAM DANFORTH; Former Warden; | ) |
| FRED GAMMAGE, | ) |
| Deputy Warden of Security, Telfair | ) |
| State Prison; ROBERT TOOLE, | ) |
| Field Operations Officer, Georgia | ) |
| Department of Corrections; TERENCE | ) |
| KILPATRICK, Unit Manager, Telfair | ) |
| State Prison; STEVE UPTON, Classification; | ) |
| and SGT MIXON, Sergeant of CERT team, | ) |
| Telfair State Prison; JACOB BEASLEY, | ) |
| Unit Manager; PHILLIP HALL, Warden; | ) |
| TELFAIR COUNTY, HELENA, GEORGIA; | ) |
| RODNEY MCLEOD, Unit Manager; | ) |
| GLEN JOHNSON, Warden Hancock State | ) |
| Prison, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.      SCREENING OF THE COMPLAINT**

**A.      BACKGROUND**

Plaintiff names the following Defendants: (1) William Danforth; (2) Fred Gammage; (3) Robert Toole; (4) Terence Kilpatrick; (5) Steve Upton; (6) Sergeant Mixon; (7) Jacob Beasley; (8) Glen Johnson; (9) Rodney Mcleod; (10) Phillip Hall; and (11) Telfair County, Helena, Georgia. (Doc. no. 38, p. 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 25, 2011, Plaintiff was assaulted at Hancock State Prison by unnamed and unknown assailants. (Id. at 5.) On May 23, 2014, Plaintiff was transferred to Telfair State Prison, and immediately notified Defendant Danforth of his belief that his previous assailants were also housed at Telfair State Prison and posed a threat to Plaintiff's safety. (Id. at 8.) Plaintiff also informed Defendant Beasley of his safety concerns, believing his assailants were housed in the same dorm. (Id.) Both Defendant Beasley and Defendant Danforth ignored Plaintiff's pleas and concerns. (Id.)

Plaintiff alleges Defendants Danforth, Gammage, Kilpatrick, Mixon, Toole, Mcleod, and Hall have given supervisory and disciplinary authority to gang leaders, and have allowed gang leaders to govern gang members and other inmates through violence. (Id. at 9-12.) Plaintiff further alleges these Defendants have instructed gang leaders to respond to each other with violence, and as a result, Plaintiff has been placed at a substantial risk of harm due to generalized conditions of dangerousness. (Id.) Plaintiff alleges he informed these Defendants of his safety concerns, and they ignored his pleas and grievances, allowing the gang violence and attacks at Telfair State Prison to escalate. (Id.) On one occasion, gang violence and stabbings occurred and Plaintiff was roughly pushed as he fled to hide in a cell in fear of his life. (Id. at 10.)

2

Plaintiff alleges Telfair County is liable as a municipality under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, (1978). (Id. at 11.) Plaintiff also alleges unspecified prison authorities have retaliated against him because of his lawsuit by filing "negative entries" in his prison record, and requests the Court expunge the entries from his record. (Doc. no. 37.) As further relief, Plaintiff requests an injunction requiring prison officials to transfer him to another prison, and also requests monetary damages. (Doc. no. 38, p. 6.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Telfair County

Plaintiff attempts to state a claim against Telfair County on the basis of injuries as the result of an official custom, policy, or practice pursuant to Monell, 436 U.S. 658 at 694. (See doc. no. 19, p. 2.)  However, Telfair State Prison is operated by the Georgia Department of Corrections, not Telfair County.  See *Telfair State Prison*, GEORGIA DEPARTMENT OF CORRECTIONS, http://www.dcor.state.ga.us/GDC/FacilityMap/html/S_50000199.html (last visited October 20, 2016). Telfair County is not responsible for setting any of the policies or procedures at Telfair State Prison; indeed, the county has no affiliation with Telfair State Prison other than location. Since it has no involvement in any alleged misconduct, Plaintiff fails to state a claim as to Telfair County.

### 3. Plaintiff Fails to State a Claim Against Defendant Upton

Plaintiff's only allegation against Defendant Upton is that he had "knowledge thorough a grievance that prison officials allowed gangs to run security at Telfair State Prison . . . ." (Doc. no. 38, p. 11.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993); see Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff's conclusory statement fails to allege any causal connection between Defendant Upton and an alleged constitutional deprivation. Indeed, Plaintiff merely alleges Defendant Upton was aware that unnamed prison officials allowed gangs to run security at Telfair State Prison, and Plaintiff does not allege Defendant Upton took any overt acts to empower gang leaders. Thus, Plaintiff fails to state a claim for relief against Defendant Upton and Defendant Upton should be dismissed.

### 4. Plaintiff Fails to State a Claim Against Defendant Beasley

Plaintiff alleges that upon arriving at Telfair State Prison, he informed Defendant Beasley he felt unsafe because the gangs which assaulted him at Hancock State Prison were also housed at Telfair State Prison, but Defendant Beasley did nothing. (Doc. no. 38, p.8.) Plaintiff's accusations against Defendant Beasley are facially insufficient to state a claim under § 1983 because they do not casually link Defendant Beasley to a legal wrong. See LaMarca, 995 F.2d at 1538 (requiring casual connection between actions taken and constitutional violation).

5

Furthermore, Plaintiff's allegations against Defendant Beasley are insufficient to hold Defendant Beasley liable for deliberate indifference.

Prison officials must take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). However, only a "prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment." Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1028 (11th Cir. 2001). A prisoner must demonstrate an objectively substantial risk of harm, and also must show the defendant was deliberately indifferent to the harm, which requires the following: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. Id. Furthermore, to be liable for deliberate indifference stemming from generalized conditions of danger, a prison official must be in a position to change the dangerous conditions. See Bugge v. Roberts, 430 F. App'x 753, 760 (11th Cir. 2011) (finding some defendants entitled to summary judgment because prisoner did not present evidence defendants had responsibility for conditions at prison and could have taken reasonable steps to lessen risk of harm).

Here, Plaintiff fails to allege an objective and substantial risk of harm based on nothing more than the fact his assailants at Hancock State Prison were members of the same gang that also had members at Telfair State Prison. In addition, Plaintiff fails to allege Defendant Beasley engaged in any conduct that amounted to more than gross negligence. Indeed, Plaintiff has not pled facts showing Defendant Beasley was in a position to take action in order to improve the allegedly dangerous conditions at Telfair State Prison. See Bugge, 430 F. App'x at 760. Thus, Plaintiff has failed to state a claim against Defendant

Beasley and Defendant Beasley should be dismissed.

### 5.    Plaintiff Fails to State a Claim Against Defendant Johnson

Plaintiff has also failed to state a viable § 1983 claim against Defendant Johnson for three reasons.  First, although he named Defendant Johnson in the caption of his complaint, Plaintiff fails to mention him in his statement of claim.  (See generally, doc. no. 38.) Plaintiff's failure to connect Defendant Johnson with a constitutional violation necessitates his dismissal from the case.  Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

Second, Plaintiff fails to state a claim against Defendant Johnson because he appears to be attempting to hold him liable because of his supervisory position as Warden of Hancock State Prison.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).  Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold these Defendants liable, Plaintiff must demonstrate that either (1) the Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendant's actions and the alleged

7

constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

To the extent Plaintiff is attempting to hold Defendant Johnson responsible for his attack in 2011, he has not alleged sufficient facts to causally connect him to the constitutional violation. See Hartley, 193 F.3d at 1269. Indeed, Plaintiff never mentions Defendant Johnson in his statement of claim, and cannot be said to have connected his actions to the attack.

Finally, any claim against Defendant Johnson would be barred by the statute of limitations. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff alleges the attack at Hancock State Prison occurred in 2011, and Plaintiff's claim started accruing in 2011. See Brown, 335 F.3d at 1261. Accordingly, Plaintiff's claim against Defendant Johnson is outside of the two-year statute of limitations period and is subject to dismissal as time-barred, even if it had met the Ashcroft pleading

standards. For these reasons, Plaintiff's claim against Defendant Johnson should be dismissed.

### 6. Plaintiff Fails to State a Claim for Monetary Damages Against Any Defendant in Their Official Capacities.

Plaintiff specified that he is proceeding against Defendants in both their individual and official capacities and seeks an award of monetary damages. (See doc. no. 38, p. 4.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, any official capacity claims Plaintiff brings for monetary relief against Defendants fail as a matter of law, and should be dismissed.

### 7. Plaintiff Fails to State a Retaliation Claim

Plaintiff has failed to state a viable retaliation claim. In a separate motion, Plaintiff alleges unnamed prison authorities have retaliated against him because of his lawsuit, by filing "negative entries" in his prison file. (Doc. no. 37.) Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable § 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise

9

of First Amendment rights." Id. at 1254.  Of note, there must be a causal connection between the protected speech and the retaliatory action. Id. at 1250; O'Bryant v. Finch, 637 F.3d 1207, 1216-20 (11th Cir. 2011).

Here, Plaintiff's allegations are entirely conclusory without any factual support, and do not raise his allegations of retaliation beyond a speculative level.  Smith v. Florida Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (*per curiam*) (finding conclusory allegations of retaliatory motive insufficient to raise allegation of retaliation above speculative level) (citing Iqbal, 556 U.S. at 680).  Plaintiff fails to describe the content of these "negative entries," and also fails to allege who specifically was responsible for inputting the entries into his prison file.  "Section 1983," however, "requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."  LaMarca, 995 F.2d at 1538.  Plaintiff fails to allege facts sufficient to support such a causal connection, and thus fails to state a retaliation claim. (Doc. no. 37.)

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Telfair County, Johnson, Upton, and Beasley, any claim against remaining Defendants for monetary damages in their official capacities, and Plaintiff's retaliation claim (doc. no. 37) be **DISMISSED**.  In a companion Order, the Court has allowed to proceed Plaintiff's claims of deliberate indifference to his safety against Defendants Gammage,

Danforth, Toole, Kilpatrick, Mixon, McCloud, and Hall.

SO REPORTED and RECOMMENDED this 13th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA