FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 MAY 30 P 3: 01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RICKY LEWIS WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 316-040 |
| ) | |
| WILLIAM DANFORTH; Former Warden; ) | |
| FRED GAMMAGE, ) | |
| Deputy Warden of Security, Telfair ) | |
| State Prison; ROBERT TOOLE, ) | |
| Field Operations Officer, Georgia ) | |
| Department of Corrections; TERENCE ) | |
| KILPATRICK, Unit Manager, Telfair ) | |
| State Prison; STEVE UPTON, Classification; ) | |
| and SGT MIXON, Sergeant of CERT team, ) | |
| Telfair State Prison; JACOB BEASLEY, ) | |
| Unit Manager; PHILLIP HALL, Warden; ) | |
| TELFAIR COUNTY, HELENA, GEORGIA; ) | |
| RODNEY MCLEOD, Unit Manager; ) | |
| GLEN JOHNSON, Warden Hancock State ) | |
| Prison, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 56.) The Magistrate Judge recommended dismissal of Defendants Telfair County, Steve Upton, Jacob Beasley, and Glen Johnson because Plaintiff failed to state a claim against these Defendants, and allowed Plaintiff's deliberate indifference claims against Defendants Fred Gammage, William Danforth, Robert Toole, Terrence Kilpatrick, Sgt. Mixon, Rodney

McCloud, and Phillip Hall to proceed. (Doc. no. 44.) The Magistrate Judge also recommended dismissal of Plaintiff's retaliation claim (doc. no. 37) and all claims for monetary damages against remaining Defendants in their official capacities. Id.

The majority of Plaintiff's objections merely reiterate the arguments raised in his amended complaint. (See doc. nos. 38, 56, 58, 59.) Plaintiff objects to the dismissal of Defendants Beasley and Johnson, providing unsubstantiated assertions that these Defendants were deliberately indifferent. (See doc. no. 56.) The Magistrate Judge correctly determined Plaintiff's conclusory allegations of deliberate indifference against Defendants Telfair County, Steve Upton, Jacob Beasley, and Glen Johnson were insufficient to state a claim against these Defendants, and Plaintiff's objections do not alter the conclusions reached by the Magistrate Judge. Accordingly, the Court **OVERRULES** Plaintiff's objections.

In his objections, Plaintiff presents several new arguments and factual allegations in support of his retaliation claim that were not present in his prior pleadings. (See doc. nos. 56, 58, 59.) While district courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); see also United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (holding district courts are not required to consider supplemental factual allegations presented for first time in objections to magistrate judge's report and recommendation). Plaintiff's failure to raise the newly presented facts prior to his objections is an independent ground on which to overrule his objections. Sinclair v. Williams, No. CV614-072, 2015 WL

3480986, at *2 (S.D. Ga. June 1, 2015) ("Plaintiff's failure to raise any facts or issues prior to his Objections is an independent ground upon which to overrule his objection.").

Even if the Court were to consider Plaintiff's new factual allegations in support of his retaliation claim, Plaintiff is not entitled to relief. Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable § 1983 claim by alleging the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254. There must be a causal connection between the protected speech and the retaliatory action. Id. at 1250; O'Bryant v. Finch, 637 F.3d 1207, 1216-20 (11th Cir. 2011).

Here, Plaintiff presents new factual allegations that prison officials retaliated against him for filing grievances and the present litigation by providing a notation in his prison file stating Plaintiff is one of the "top 200 most dangerous inmate[s] in Georgia's state prison [system]." (Doc. no. 59, p. 2.) Plaintiff asserts this notation has deprived him of a transfer to a safer prison. (Id.)

First, has no constitutional right to be transferred from Telfair State Prison. See Tate v. Brannen, No. 5:11-CV-249-WLS-MSH, 2012 WL 6968457, at *3 (M.D. Ga. Jan. 23, 2012), report and recommendation adopted, No. 5:11-CV-249 WLS, 2013 WL 395976

3

(M.D. Ga. Jan. 31, 2013) ("Plaintiff . . . had no constitutional right to be transferred from BSP."); see also Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) ("prison inmates do not have a constitutionally protected right to remain at a particular penal institution"). Second, even if this were a sufficiently adverse action, Plaintiff offers only a conclusory allegation the notation was causally connected to his prison grievances or the present lawsuit. Without more, this Court cannot infer a causal connection. In sum, Plaintiff has failed to state a retaliation claim.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendants Telfair County, Glen Johnson, Steve Upton, and Jacob Beasley. The Court also **DISMISSES** Plaintiff's retaliation claim (doc. no. 37), and Plaintiff's claims for monetary damages against all remaining Defendants in their official capacities.

SO ORDERED this 30th day of May, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4