IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |  |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH; Former Warden; | ) | |
| FRED GAMMAGE, | ) | |
| Deputy Warden of Security, Telfair | ) | |
| State Prison; ROBERT TOOLE, | ) | |
| Field Operations Officer, Georgia | ) | |
| Department of Corrections; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; ZACHARY MIXON, | ) | |
| Sergeant of CERT team, | ) | |
| Telfair State Prison; | ) | |
| PHILLIP HALL, Warden; and | ) | |
| RODNEY MCCLOUD, Unit Manager. | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). On July 18, 2016, Plaintiff filed his first motion for a preliminary injunction which this Court denied. (Doc. nos. 11, 35.) Before the Court is Plaintiff's second motion for a preliminary injunction. (Doc. no. 64.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

## I. BACKGROUND

In his amended complaint (doc. no. 38), Plaintiff alleges Defendants have given supervisory and disciplinary authority to gang leaders, allowing gang leaders to govern gang members and other inmates through violence. (Id. at 9-12.) As a result, Plaintiff alleges he has been placed at a substantial risk of harm due to generalized conditions of dangerousness. (See generally id.) Defendants have ignored Plaintiff's pleas and grievances while the gang violence and attacks at Telfair State Prison have escalated. (Id. at 9-12.) On one occasion, gang violence and stabbings occurred and Plaintiff was roughly pushed as he fled to hide in a cell in fear of his life. (Id. at 10.)

In his second motion for a preliminary injunction, Plaintiff alleges that on May 10, 2017, a riot occurred in which he was hit in the back the head by a lock thrown by a gang member. (Doc. no. 64, pp. 7-8.) Defendants failed to provide Plaintiff with medical attention, but placed the dorm on lockdown. (Id. at 10.) Plaintiff claims he is in continued fear of another attack. (Id. at 4.) Plaintiff seeks an injunction preventing Defendants from placing "negative entries" in his prison file which make possible transfer to another prison less likely. (Id.)

## II. DISCUSSION

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic

2

remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits. Although the Court screened the amended complaint and found Plaintiff's allegations were arguably sufficient to state a claim, a substantial likelihood of success on the merits presents a much higher hurdle. It is unlikely Plaintiff will prevail in this action in light of his own declarations which cast doubt on a finding of deliberate indifference on the part of any Defendant.

A prison inmate has a constitutional right to be protected from violence and from assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial risk of serious harm, (2) the defendants are deliberately indifferent to the risk, and (3) there is causation. Smith v. Reg'l Dir. Of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010). "To find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). An official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

As Plaintiff has declared, Defendants have been actively reducing Plaintiff's risk of harm through security lockdowns, shakedowns, prisoner transfers and reassignments, and a prison-wide address informing gang members and leaders that their dangerous behavior would not tolerated. (Doc. no. 15, p. 2; doc. no. 14, p. 2.) While Plaintiff claims he was hit in the head with a lock during a prison riot, he also claims the prison was placed under lockdown for the following three days. (Doc. no. 64, p. 10.) Accordingly, Plaintiff cannot show a substantial likelihood of success on the merits because his own declarations suggest Defendants have not disregarded Plaintiff's risk of harm and are responding to the risk in an objectively reasonable manner.

Furthermore, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges generalized conditions of dangerousness, he has not shown a substantial threat of a real and irreparable injury that is imminent. (See doc. nos. 38, 64.)

Plaintiff also fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of

4

prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED** (doc. no. 64).

SO REPORTED and RECOMMENDED this 11th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA