IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH, Former Warden | ) | |
| FRED GAMMAGE, | ) | |
| Deputy Warden of Security, Telfair | ) | |
| State Prison; ROBERT TOOLE, | ) | |
| Field Operations Officer, Georgia | ) | |
| Department of Correction; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; ZACHARY MIXON, | ) | |
| Sergeant of CERT Team, | ) | |
| Telfair State Prison; | ) | |
| PHILLIP HALL, Warden; and | ) | |
| RODNEY MCCLOUD, Unit Manager,[1] | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court on Defendants' motion to stay discovery, pending resolution of its motion to dismiss (doc. no. 63). For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 65.)

---

[1] The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Order.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Here, because a cursory review of the motion suggests that it has the potential to be dispositive, id. at 653, discovery should be stayed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005). Defendants allege Plaintiff failed to properly exhaust his administrative remedies, failed to state a claim upon which relief may be granted, and Defendants are entitled to qualified immunity. (See generally doc. no. 65.) A ruling by the Court on any of these threshold legal issues could moot some or all discovery. Plaintiff does not contend he cannot properly oppose the motion to dismiss in the absence of discovery. (See doc. no. 75.)

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes

unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'"); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.")

Accordingly, the Court **GRANTS** Defendants' motion to stay discovery and **STAYS** discovery until resolution of Defendants' motion to dismiss. (Doc. no. 65.)

SO ORDERED this 8th day of August, 2017, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA