IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RICKY LEWIS WILSON, )
 )
Plaintiff, )
 )
v. ) CV 316-040
 )
WILLIAM DANFORTH, Former Warden; )
FRED GAMMAGE, Deputy Warden of )
Security, Telfair State Prison; ROBERT )
TOOLE, Field Operations Officer, Georgia )
Department of Corrections; TERENCE )
KILPATRICK, Unit Manager, Telfair )
State Prison; ZACHARY MIXON, )
Sergeant of CERT Team, Telfair State )
Prison; PHILLIP HALL, Warden; and )
RODNEY MCCLOUD, Unit Manager, )
 )
Defendants. )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 91, 92.) Although nothing in the parties' objections undermines the Magistrate Judge's recommendation, the Court will briefly address the parties' arguments.

In their objections, Defendants argue: (1) Plaintiff did not exhaust his claims as to Defendants McCloud, Kilpatrick, Mixon, and Hall; (2) Plaintiff did not allege an Eighth Amendment violation; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff is not entitled to injunctive relief. (Doc. no. 91.)

First, Defendants argue Plaintiff failed to exhaust as to Defendants McCloud, Kilpatrick, Mixon, and Hall because he did not name them in grievance 209270. (Id. at 1-2.) As Defendants acknowledge, "[w]hile a prisoner is not required to name each defendant in a grievance in order to properly exhaust a claim, he is required to 'provide as much relevant information as he reasonably can in the administrative grievance process.'" Williams v. Barrow, 559 F. App'x 979, 986 (11th Cir. 2014) (quoting Brown v. Sikes, 212 F.3d 1205, 2017 (11th Cir. 2000)). Plaintiff's allegations in grievance 209270 were sufficient to put the institution on notice of a problem, giving them an opportunity to address the problem internally. Toenninges v. Georgia Dep't of Corr., 600 F. App'x 645, 649 (11th Cir. 2015) ("The critical function of the grievance process is that it provides the institution with notice of a problem such that they have an opportunity to address the problem internally.") Failure to list each and every Defendant in the grievance is not fatal to Plaintiff's claims.

Second, Defendants argue Plaintiff failed to allege an Eighth Amendment violation based on deliberate indifference to safety because he did not allege a physical injury. (Doc. no. 91, pp. 2-3.) In Farmer v. Brennan, 511 U.S. 825, 845 (1994), the Supreme Court stated it would "clash with . . . common sense" to "'deny [relief] to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them.'" Id. (quoting Helling v. McKinney, 509 U.S. 25, 33 (1993)). Thus, prisoners need not "await a tragic event" before bringing a claim of dangerous prison conditions, and Defendants' argument fails. Helling, 509 U.S. at 33.

Third, Defendants argue they are entitled to qualified immunity because the cases cited by the Magistrate Judge all involve an actual assault on the plaintiff and do not clearly

2

establish liability where the inmate is "merely worried about being attacked." (Doc. no. 91, p. 3-4.) While Defendants are correct that the cited cases all involve physical injury to the inmate, the Supreme Court decision in Farmer, discussed above, established liability for deliberate indifference without a showing of physical injury. Viewed in combination with Farmer, the cases cited by the Magistrate Judge justify his preliminary finding, at this early stage, that the rights at issue were clearly established.

Finally, Defendants argue Plaintiff has not stated a claim for injunctive relief because he has failed to allege a violation of a constitutional right. (Doc. no. 91, p. 4.) Because the Court finds Plaintiff has alleged a viable Eighth Amendment violation against Defendants, this argument fails.

Plaintiff argues in his objections the Magistrate Judge erred by (1) "dismissing monetary relief against all Defendants" and (2) concluding Plaintiff did not properly exhaust grievance 214894. (Doc. no. 92, pp. 1-3.) Plaintiff's third objection is directed to Defendants, not the Court, and will not be addressed here. (Id. at 3-4.)

The Magistrate Judge concluded only nominal damages are available because Plaintiff alleges only "de minimis mental or emotional injury." (Doc. no. 89, p. 20.) In support of his objection, Plaintiff points to his complaint, where he alleged he was pushed by other inmates. (Doc. no. 92, p. 1.) Under the Prison Litigation Reform Act, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (citations omitted). Plaintiff only alleges a de minimis injury in his complaint. Thus, Plaintiff's recovery was properly limited to nominal damages.

3

Plaintiff also alleges in an earlier declaration and in his objections that he was injured on May 10, 2017, when a thrown lock struck his head during a prisoner riot. (Doc. nos. 79; 92, p. 2.) The Magistrate Judge correctly did not consider this because the injury was not alleged in the complaint. (See doc. no. 89, p. 20.) However, Plaintiff may be entitled to compensatory damages if he shows during discovery he has suffered more than a de minimis physical injury.

Plaintiff next argues he properly exhausted grievance 214894 because (1) prison officials prevented him from appealing its initial denial; and (2) the grievance was "tampered with" to leave out the names of Defendants. (Doc. no. 92, p. 2-3.) While courts have the discretion to consider novel evidence, factual claims, and legal arguments raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same).

In his response to Defendants' motion to dismiss, Plaintiff included no discussion at all of grievance 214894. (Doc. no. 75.) Accordingly, the Court chooses not to consider Petitioner's new factual claims here. However, even if the Court were to reconsider its decision and determine Plaintiff had properly exhausted grievance 214894, it would not alter the outcome because grievance 209270 already properly exhausts Plaintiff's deliberate indifference claim as to all Defendants, as the Magistrate Judge concluded.

Accordingly, the Court **OVERRULES** Defendants' objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS IN PART** and

4

**DENIES IN PART** Defendants' motion to dismiss (doc. no. 63), and **DISMISSES** all claims for monetary relief against Defendants.

SO ORDERED this _22nd_ day of January, 2018, at Augusta, Georgia.

*[signature]*
UNITED STATES DISTRICT JUDGE