IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH, Former Warden; | ) | |
| FRED GAMMAGE, Deputy Warden of | ) | |
| Security, Telfair State Prison; ROBERT | ) | |
| TOOLE, Field Operations Officer, Georgia | ) | |
| Department of Correction; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; ZACHARY MIXON, | ) | |
| Sergeant of CERT Team, Telfair State | ) | |
| Prison; PHILLIP HALL, Warden; and | ) | |
| RODNEY MCCLOUD, Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for a temporary restraining order, (doc. no. 114), to which Defendants have responded, (doc. no. 119). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for temporary restraining order be **DENIED**.

**I.    BACKGROUND**

Plaintiff names the following Defendants: (1) William Danforth; (2) Fred Gammage; (3) Robert Toole; (4) Terence Kilpatrick; (5) Zachary Mixon; (6) Rodney McCloud; and (7) Phillip Hall.  (Doc. no. 38, p. 4.)  The amended complaint alleges, on November 25, 2011, Plaintiff

was assaulted at Hancock State Prison by unnamed and unknown assailants. (Id. at 5.) On May 23, 2014, Plaintiff was transferred to Telfair State Prison, and immediately notified Defendant Danforth of his belief that his previous assailants were also housed at Telfair State Prison and posed a threat to Plaintiff's safety. (Id. at 8.) Plaintiff also informed former Defendant Beasley of his safety concerns, believing members of the gangs which assaulted him were housed in the same dorm. (Id.) Both former Defendant Beasley and Defendant Danforth ignored Plaintiff's pleas and concerns. (Id.)

Plaintiff alleges Defendants Danforth, Gammage, Kilpatrick, Mixon, Toole, McCloud, and Hall have given supervisory and disciplinary authority to gang leaders and have allowed gang leaders to govern gang members and other inmates through violence. (Id. at 9-12.) Plaintiff further alleges these Defendants have instructed gang leaders to respond to each other with violence, and as a result, Plaintiff has been placed at a substantial risk of harm due to generalized conditions of dangerousness. (Id.) Plaintiff alleges he informed these Defendants of his safety concerns, and they ignored his pleas and grievances, allowing the gang violence and attacks at Telfair State Prison to escalate. (Id.) On one occasion, gang violence and stabbings occurred and Plaintiff was roughly pushed as he fled to hide in a cell in fear of his life. (Id. at 10.)

On September 27, 2018, Plaintiff filed a motion for a temporary restraining order. (Doc. no. 114.) Plaintiff alleges, on September 17, 2018, TSP officials Sgt. Christopher Allen and Captain William Sike claimed they were maintenance workers, entered Plaintiff's cell, and "demanded Plaintiff to strip." (Id. at 2.) Plaintiff claims Sgt. Allen took Plaintiff out of the cell, drew a weapon, and pointed it at Plaintiff's back. (Id.) Plaintiff states Captain Sike is named as

2

a witness in this civil case and "led" Sgt. Allen to his cell.  (Id.)  Plaintiff requests an emergency hearing and requests to be present for the hearing.  (Id.)

## II.     DISCUSSION

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted); Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. April 24, 2018) (denying Plaintiff's request for injunctive relief because the relief sought concerned computer access and the suit concerned Defendants failure to protect him from a substantial risk of serious harm).

Here, Plaintiff is not entitled to injunctive relief because the matters complained of are concerning separate incidents than his claims in this lawsuit.  Plaintiff's only claims are deliberate indifference to safety claims against Defendants based on their policy of allowing gangs to operate the prison.  (Doc. no. 38.)  In Plaintiff's motion for a temporary restraining order, he alleges Sgt. Allen and Captain Sike came to his cell and ordered him to strip and Sgt. Allen pointed a weapon at him.  (Doc. no. 114.)  Additionally, there is no evidence Plaintiff attempted to exhaust this claim by filing a grievance regarding his allegations.  Because these allegations are factually distinct and concern issues separate from the claim raised in his complaint, injunctive relief is improper.

Even if the Court considered the merits of the motion, Plaintiff would not be entitled to injunctive relief.  A party moving for injunctive relief must show the following:  "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has failed to establish a substantial threat he will suffer irreparable injury if the temporary restraining order is not granted.  In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent."  Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.").  As explained above, Plaintiff's allegations concern a single interaction, and there is no indication Plaintiff faces an actual and imminent threat of future injury based on the facts alleged.  Plaintiff acknowledges in an earlier-filed declaration the interaction occurred during a search of Plaintiff's cell, where TSP officials located a contraband

4

cellphone. (Doc. no. 112.) Indeed, the attachments to Defendants' response indicate the search was part of a prison-wide search for contraband at TSP, a cellphone was found in Plaintiff's possession, and there was no use of force employed during the searches. (Doc no. 119-1.) Thus, even if the events occurred as Plaintiff alleges, they were not based on personal animosity, and any potential threat of harm is, at most, only speculative and remote.

To the extent Plaintiff also requests prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at TSP from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law." See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a temporary restraining order be **DENIED**. (Doc. no. 114.)

SO REPORTED and RECOMMENDED this 12th day of October, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA