IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RICKY LEWIS WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-040 |
| | ) |
| WILLIAM DANFORTH, Former Warden; | ) |
| FRED GAMMAGE, Deputy Warden of | ) |
| Security, Telfair State Prison; ROBERT | ) |
| TOOLE, Field Operations Officer, Georgia | ) |
| Department of Correction; TERENCE | ) |
| KILPATRICK, Unit Manager, Telfair | ) |
| State Prison; ZACHARY MIXON, | ) |
| Sergeant of CERT Team, Telfair State | ) |
| Prison; PHILLIP HALL, Warden; and | ) |
| RODNEY MCCLOUD, Unit Manager, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Smith State Prison ("SSP") in Glennville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's motions for preliminary injunctions. (Doc. nos. 138, 140.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**.

### I.   BACKGROUND

Plaintiff names the following Defendants: (1) William Danforth; (2) Fred Gammage; (3) Robert Toole; (4) Terence Kilpatrick; (5) Zachary Mixon; (6) Rodney McCloud; and (7) Phillip Hall.  (Doc. no. 38, p. 4.)  The amended complaint alleges, on November 25, 2011, Plaintiff was assaulted at Hancock State Prison by unnamed and unknown assailants. (<u>Id.</u> at 5.) On May

23, 2014, Plaintiff was transferred to Telfair State Prison, and immediately notified Defendant Danforth of his belief that his previous assailants were also housed at Telfair State Prison and posed a threat to Plaintiff's safety. (Id. at 8.) Plaintiff also informed former Defendant Beasley of his safety concerns, believing members of the gangs which assaulted him were housed in the same dorm. (Id.) Both former Defendant Beasley and Defendant Danforth ignored Plaintiff's pleas and concerns. (Id.)

Plaintiff alleges Defendants Danforth, Gammage, Kilpatrick, Mixon, Toole, McCloud, and Hall have given supervisory and disciplinary authority to gang leaders and have allowed gang leaders to govern gang members and other inmates through violence. (Id. at 9-12.) Plaintiff further alleges these Defendants have instructed gang leaders to respond to each other with violence, and as a result, Plaintiff has been placed at a substantial risk of harm due to generalized conditions of dangerousness. (Id.) Plaintiff alleges he informed these Defendants of his safety concerns, and they ignored his pleas and grievances, allowing the gang violence and attacks at Telfair State Prison to escalate. (Id.) On one occasion, gang violence and stabbings occurred and Plaintiff was roughly pushed as he fled to hide in a cell in fear of his life. (Id. at 10.)

On January 15, 2019, Plaintiff filed two motions for preliminary injunctions. (Doc. nos. 138, 140.) In his first motion, Plaintiff asks the Court to enter an order preventing: (1) Defendants from housing Plaintiff at SPP, with close security inmates, or under the authority of any Defendants; (2) "offender administration" from moving Plaintiff to prisons where there are high levels of violence and retaliatorily transferring Plaintiff to SSP; (3) SSP officials from denying Plaintiff protective custody, placing Plaintiff in involuntary segregation, and denying

2

Plaintiff law library access; and (4) Georgia Department of Corrections from giving authority to gang leaders and housing Plaintiff with close security inmates. (Doc. no. 138.) In his second motion, Plaintiff asks the Court to enter an order preventing Defendants and offender administration from housing him in a cell with a bolt action lock across the cell door. (Doc. no. 140.) Plaintiff also requests a hearing as to both motions. Finally, Plaintiff asks the Court to "reconsider [his] claim of retaliation" and "sharpen the issues in this civil suit." (Doc. no. 138, pp. 4, 6.)

## II.  DISCUSSION

First, the Court lacks jurisdiction to enter any restraining order or injunction against offender administration, unnamed SSP officials, and the GDOC because they are not parties to this lawsuit. Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)).

Second, Plaintiff is not entitled to injunctive relief sought against Defendants because the matters complained of concern separate incidents than his claims in this lawsuit. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted); Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24,

3

2018) (denying Plaintiff's request for injunctive relief because the relief sought concerned computer access and the suit concerned Defendants failure to protect him from a substantial risk of serious harm).

Plaintiff's only claims in the present lawsuit are deliberate indifference to safety claims against Defendants based on their policy of allowing gangs to operate the prison at Telfair State Prison. (Doc. no. 38.) However, Plaintiff asks the Court to enjoin Defendants from housing him: (1) at SSP, (2) with close security inmates; (3) under the authority of any named Defendant; and (4) in a cell with a bolt action lock across the cell door. (Doc. nos. 138, 140.) These concerns are factually distinct from the allegations and claims on which the Court has allowed Plaintiff's lawsuit to proceed, as they all concern Plaintiff's present incarceration at SSP. Because these allegations are factually distinct and concern issues separate from the claim raised in his complaint, injunctive relief is improper. If Plaintiff wishes to pursue claims about his present incarceration at SSP, he must first exhaust his administrative remedies as to those claims and then file a separate lawsuit.

Third, to the extent Plaintiff also requests prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at SSP from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law." See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Finally, as to Plaintiff's requests that the Court reconsider his retaliation claims and "sharpen the issues," Plaintiff must raise these unrelated matters in a separate motion if he wants the Court to consider them. Because Plaintiff's motions lack merit, the Court declines to hold a hearing.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for preliminary injunctions be **DENIED**. (Doc. no. 138, 140.)

SO REPORTED and RECOMMENDED this 17th day of January, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA