IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-040 |
| | ) | |
| WILLIAM DANFORTH, Former Warden; | ) | |
| FRED GAMMAGE, Deputy Warden of | ) | |
| Security, Telfair State Prison; ROBERT | ) | |
| TOOLE, Field Operations Officer, Georgia | ) | |
| Department of Corrections; TERENCE | ) | |
| KILPATRICK, Unit Manager, Telfair | ) | |
| State Prison; ZACHARY MIXON, | ) | |
| Sergeant of CERT Team, Telfair State | ) | |
| Prison; PHILLIP HALL, Warden; and | ) | |
| RODNEY MCCLOUD, Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's declaration, in which he seeks attorney's fees as the prevailing party in this lawsuit. (Doc. no. 160.) Under 42 U.S.C. § 1988, a court may allow the prevailing party in an action filed pursuant to 42 U.S.C. § 1983 a reasonable attorney's fee as part of the costs. However, because Plaintiff is proceeding *pro se*, he is not entitled to attorney's fees under § 1988. Kay v. Ehrler, 499 U.S. 432, 435 (1991); see also Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (citing Kay approvingly).

Furthermore, even if *pro se* litigants could obtain attorney's fees pursuant to § 1988, Plaintiff would not be entitled to fees because he is not a prevailing party. See Common Cause/Georgia v. Billups, 554 F.3d 1340, 1356 (11th Cir. 2009) ("'The touchstone of the

prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.' This Court has interpreted this language to require either '(1) a situation where a party has been awarded by the court at least some relief on the merits of this claim or (2) a judicial imprimatur on the change in the legal relationship between the parties.'") (quoting Sole v. Wyner, 551 U.S. 74, 127 (2007); Smallbein ex rel. Estate of Smallbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (*per curiam*)).  Indeed, Defendants' summary judgment motion is presently pending, and Plaintiff has obtained no form of relief during the course of this lawsuit.

Accordingly, Plaintiff's motion for attorney's fees should be **DENIED**.  (Doc. no. 160.)

SO REPORTED AND RECOMMENDED this 24th day of April, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA